NORTH CAROLINA.
To all people to whom these presents shall come, greeting: Know ye that I, Michael Hill, of Bertie County, in the Province aforesaid, for and in consideration of 60 pounds, current money of Virginia, to me in hand paid by John Hill, of the Province and county aforesaid, the receipt whereof I do hereby acknowledge, and myself therewith fully satisfied and contented, thereof and of every part and parcel thereof do exonerate, acquit, and discharge the said John Hill, his heirs, executors, *Page 143 
and administrators forever, by these presents have given, granted, bargained, aliened, conveyed, and confirmed, and by these presents do freely, fully, and absolutely give, grant, bargain, sell, alien, convey, and confirm unto him, the said John Hill, his heirs and assigns forever, one messuage or tract of land situate, lying, and being in the Province and county aforesaid, containing, by estimation, 424 acres, lying on the east side of Rogers Pocoson, and beginning at a popular on the side of the pocoson, then north 60 east, 320 poles to a pine, then south 74 east, 216 poles to a pine in John Hardy's line of Brewer's Quarter, then along his line 100 poles to a red oak, his corner tree, then south 50 west, 160 poles to Rogues Pocoson, then the said course 60 poles to a chestnut, then through the pocoson, north 66 degrees west to the first station: to have and to hold the said granted and bargained premises, with all appurtenances thereto belonging or in any way appertaining, to him, the said John Hill, his heirs and assigns, to his and their only proper use, benefit and behoof forever. And I, the said Michael Hill, for me, my heirs, executors, and administrators, do covenant, promise, and grant to and with the said John Hill, his heirs and assigns, that before the ensealing hereof I am the true and sole owner of the above bargained premises, and am lawfully seized and possessed thereof in my own proper right, and of a good, perfect, and absolute estate of inheritance in fee simple; and have in myself a good right, full power, and lawful (312) authority to grant, bargain, sell, convey, and confirm the said bargained premises, in manner as above said, and that the said John, his heirs and assigns, shall and may, from time to time, and at all times hereafter, by force and virtue of these presents, lawfully, peaceably and quietly have, hold, use, occupy, possess, and enjoy the said demised and bargained premises with the appurtenances, free and clear and freely and clearly acquitted, exonerated, and discharged of and from all manner of former and other gifts, grants, bargains, sales, leases, and mortgages, wills, entails, jointures, dowries, judgments, executions, encumbrances, and extents. Furthermore, I, the said Michael Hill, for myself, my heirs, executors, and administrators, do covenant and engage the above demised premises to him, the said John Hill, his heirs and assigns, against the lawful claims or demands of any person or persons whatsoever, forever hereafter to warrant, secure and defend. In witness whereof I have set my hand and seal, 5 May, 1748.
MICHAEL HILL. [SEAL]
The jury further find that John Hill, the grantee in the above deed, entered into and was peaceably possessed by actual occupancy of the premises therein bargained and sold, immediately on the execution of the deed, and continued so possessed until he departed this life about 1770 *Page 144 
John Hill died intestate, and left Henry Hill, his son and heir at law, who upon the death of his father entered into the possession of the premises which descended to him, and continued his possession by actual occupancy until 3 May, 1791, when he by deed of bargain and sale of that date, duly proved and registered, in consideration of $679 10s. to him in hand paid by Moses Gilliam, conveyed the premises to said Moses and his heirs, by the description set forth in the above deed of Michael Hill; and the said Moses, in and by virtue of said deed, and by virtue of the statute transferring the possession to the use, was seized of the premises in fee, and entered into possession and continued in actual occupancy thereof until ___ May, A.D. 1819, when he was turned out of possession by a writ of habere facias possessionem, to the sheriff of Bertie directed, which issued in a suit in ejectment, wherein there was judgment in the Supreme Court of North Carolina that one John Doe (313) should recover damages for a trespass of the said Moses in ousting the said John from a term of years, which he held on the demise of Elizabeth Jacocks, from 1 January, 1813, to the full end and term of seven years thence next ensuing. And the jury further find that the said Elizabeth, by the sheriff aforesaid, was placed in the possession of said premises, and continued in the quiet and peaceable occupancy thereof until 1 January, 1820, when she departed therefrom, and John Doe, in and by the demises set forth in the declaration in ejectment in this suit, entered and was possessed of his term as therein set forth until 10 January, 1822, when the said Elizabeth entered in and upon the said John and ejected him from his term aforesaid. The jury further find that Michael Hill and Elizabeth Hill had one son, Hardy, who was born 21 February, 1756, and died 5 September, 1777, intestate, aged 21 years, 6 months, and 14 days, leaving his daughter Elizabeth, his only child and heir at law. The jury find that she was born 18 February, 1776, and was married to Jonathan Jacocks 17 March, 1791. The jury find that she came of lawful age on 18 February, 1797, and that Jonathan Jacocks departed this life 2 December, 1810, and that she brought her action of ejectment in Bertie Superior Court, on ___ April, 1818, against Moses Gilliam, on which there was a judgment in her favor, and an appeal to the Supreme Court, in which the judgment was affirmed (Jacocks v. Gilliam, 7 N.C. 47) at May Term, 1819, and she was placed in possession as before mentioned.
Nash, J., who presided, on this special verdict considered that the law was for the defendant, and gave judgment accordingly, from which plaintiff appealed.
It was in this Court admitted that Michael Hill died 1760, and it was agreed the fact should be part of the case. *Page 145 
Having formerly given an opinion in this case (331) (Jacocks v. Gilliam, 7 N.C. 47), which I do not, on reflection, see sufficient reason to change, I can only refer to it. I still think that the deed contains nothing more than personal covenants, and no one of them could have the effect of rebutting the plaintiffs. On the point of successive disabilities, I concur entirely with my brother Henderson. I am, therefore, relieved from the necessity of giving an opinion on the question whether a bargain and sale can, under any circumstances, operate a discontinuance. Following in the course of instruction transmitted to us by those men who have written on the subject, I should think that if a warranty is annexed to a bargain and sale, covenant to stand seized, or release, it may produce a discontinuance. Yet, as I have heard no argument on the subject, I am not prepared to say what alteration may have been effected by our particular system. In this case I am of opinion the judgment should be affirmed.